UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIN RIE,<br><br>    Plaintiff,<br><br>  v.<br><br>LOS ANGELES POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. CV 08-0097 GW (JTL)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

  On January 15, 2008, Jin Rie ("plaintiff"), proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. Section 1983 ("Complaint"). Plaintiff's claims arise out of his eviction from units three and four of 110 N. Berendo Street, Los Angeles, California. Plaintiff named the following defendants in his Complaint: the Los Angeles Police Department ("LAPD"), Carmen Calvo, Rang H. Kang, Jona Than Kang, Suh Hyun Kim, Suh Hyun Kim's wife, Lisa Rosenthal, the Law Offices of Lisa Rosenthal & Associates, Leanne Montoya, AT&T, and Does 1 through 10.

  Congress has mandated that courts perform an initial screening of in forma pauperis actions. This Court may dismiss an in forma pauperis civil rights action before service of process if it concludes that the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

///

The Court's screening of plaintiff's Complaint under the foregoing statute is governed by the following standards: A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Because plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

After careful review and consideration of the Complaint under the relevant standards, and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim upon which relief may be granted and **ORDERS** the **COMPLAINT DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

From November 1992 until March 2005, plaintiff owned real property located at 110 N. Berendo Street, Los Angeles ("Property"). Plaintiff resided at the property and also operated his business, a foreign language and translation service, on the premises. On or about March 29, 2005, plaintiff sold the property to Bong Hun Yi upon certain terms and conditions, including the condition that plaintiff be allowed to rent units three and four for at least five years. (Complaint at 4). Yi also agreed that plaintiff could continue the operation of his business on the Property. (Id.). On or about July 29, 2005, Yi, without plaintiff's knowledge, sold the property to defendant Rang H. Kang. (Complaint at 5). Defendants Rang H. Kang, Jona Than Kang, Suh Hyun Kim, and Suh Hyun Kim's wife (collective the "Kang Family"), thereafter

commenced an unlawful detainer proceeding in Los Angeles County Superior Court against plaintiff, which they lost. Defendants then filed another unlawful detainer action and obtained a favorable judgment. (Complaint at 5). Plaintiff alleges that the Kang Family made numerous false statements and their witnesses included a false process server, Leanne Montoya. (Id.). On June 14, 2006,[1] plaintiff was forcibly evicted from units three and four of the Property. (Complaint at 6).

Plaintiff further alleges that defendant Carmen Calvo, a court clerk at the Los Angeles County Superior Court, mistakenly told plaintiff that he did not need to file a notice of appeal from the Los Angeles Superior Court's decision, and that plaintiff suffered harm due to his reliance on Calvo's statement. (Complaint at 24-27). Plaintiff alleges four causes of action against defendant Calvo: judicial malpractice; conspiracy; infringement of civil rights; and negligent misrepresentation.

On June 13, 2006, the day before the eviction, a locksmith attempted to enter unit four at approximate 7:15 a.m. (Complaint at 5). After plaintiff told the locksmith to leave, the locksmith stayed on the road in front of the building for approximately four hours. (Complaint 6). That same morning, at approximately 8:00 a.m., defendant Jona Than Kang showed up and at the house and waited outside with a moving truck for approximately three hours. (Id.)

On June 14, 2006, plaintiff was evicted from units three and four. Plaintiff called 911 for help. (Id.) However, when the police arrived at the scene, plaintiff was arrested and put in jail. (Id.). Plaintiff was released that night at approximately 9:00 p.m.

Soon after, plaintiff approached the Kang family in order to retrieve his personal property, which was locked in units three and four. Despite plaintiff's repeated requests and demands to the Kang family; Lisa Rosenthal, the Kang family's attorney; employees at the Rosenthal Law Office; and the LAPD for access to his personal property, which included legal materials relating to his defense in the unlawful detainer claim brought by the Kang family, defendants denied

---

[1] Plaintiff alleges at other times that he was evicted from unit four on May 31, 2006. (See Complaint at 8). However, after reading the entire Complaint, it appears that plaintiff was evicted from both units on June 14, 2006.

plaintiff access to his personal property until July 29, 2006, over a month after his eviction. (Complaint at 9, 10).

Plaintiff was unable to access the telephone lines in units three and four, which were maintained by defendant AT&T, from June 14, 2006 through August 3, 2006. (Complaint at 8). In addition, plaintiff was unable to use his Internet service from June 14, 2006 through July 25, 2006. (Complaint at 9). Plaintiff alleges that AT&T's delay in transferring his telephone line to a new location caused him economic loss and other harm. (Complaint at 18-20). Plaintiff alleges four causes of action against AT&T: breach of agreement; negligent misrepresentation; breach of duty as a public utility; and violation of California's Fair Debt Collection Practices Act.

Plaintiff alleges seven causes of action against the LAPD: wrongful arrest and imprisonment; abuse of discretion; dereliction; violation of duty for health and safety of the people; breach of agreement; conspiracy; and infringement of civil rights.

Plaintiff also alleges that defendants Rosenthal and the Rosenthal Law Offices made false promises to plaintiff regarding plaintiff's access to his personal property and that they and defendant Leanne Montoya repeatedly made false statements to force plaintiff out of units three and four. (Complaint at 10-11). Plaintiff alleges four causes of action against defendants Rosenthal and the Rosenthal Law Offices: breach of agreement; conspiracy; fraud and deceit; and intentional concealment. Plaintiff alleges three causes of action against defendant Montoya: conspiracy; perjury; and fraud and deceit.

Plaintiff alleges ten causes of action against the Kang family: violation of California Civil Code Section 1965; conversion; abuse of process; intentional infliction of emotional distress; intentional interference with economic advantage; trespass to chattel; breach of agreement; conspiracy; fraud and deceit; and intentional concealment. In addition, the Complaint sets forth a claim of perjury against defendant Jona Than Kang and a claim of wrongful arrest and imprisonment against defendant Rang H. Kang.

Plaintiff currently has three state civil actions pending against the Kang Family.

///

///

# DISCUSSION[2]

## I. THE COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 1983

The sole basis for this Court's jurisdiction is premised on plaintiff's civil rights claims in violation of 42 U.S.C. Section 1983. (Complaint at 20). The fourteenth claim in the Complaint alleges that both the LAPD and defendant Calvo, a superior court clerk, infringed plaintiff's civil rights by discriminating against plaintiff as a vexatious litigant and a layperson in pro per. (See Complaint at 42-43). As discussed below, plaintiff has failed to state a claim as to both defendants.[3]

### A. Carmen Calvo

A person "subjects" another to the deprivation of a constitutional right within the meaning of Section 1983 if he or she "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do" that causes the complained-of deprivation. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (Section 1983 liability requires personal participation in deprivation). Plaintiff has not alleged that defendant Calvo participated in any deprivation of his constitutional rights. Instead, plaintiff alleges that Calvo, a clerk at the Los

---

[2] The Court must determine whether plaintiff has properly alleged a federal claim for relief before evaluating the Court's jurisdiction over plaintiff's state law claims. Accordingly, the Court does not address the sufficiency of plaintiff's claims arising under California law at this time.

[3] The Ninth Circuit has held that a substantial degree of cooperation is required before civil liability will be imposed on private individuals for acts that impinge on civil rights:

> For example, although we held in Howerton v. Gabica, 708 F.2d 380 (9th Cir. 1983), that a landlord had engaged in joint action with police officers in the course of the landlord's sustained efforts to evict a tenant, we stressed that there was "more than a single incident of police consent to 'stand by' in case of trouble" and that the private defendants "repeatedly requested aid by the police to effect the eviction, and the police intervened at every step." 708 F.2d at 384-85.

Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2003). Here, plaintiff did not allege that the Kang family violated his civil rights. As set forth above, the Kang family, as well as other private individuals, may not be sued under Section 1983 unless plaintiff alleges a substantial degree of cooperation between the private individuals and a state actor.

1  Angeles Superior Court, acted negligently and failed to properly advise plaintiff regarding the
2  filing of a certificate of appealability. (Complaint at 24-27, 42).

3        Absolute quasi-judicial immunity may extend to "court clerks and other non-judicial
4  officers for purely administrative acts – acts which taken out of context would appear ministerial,
5  but when viewed in context are actually a part of the judicial function." In re Castillo, 297 F.3d
6  940, 952 (9th Cir. 2002) (citing Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir.1996)); see also
7  Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979) (court clerks have quasi-judicial
8  immunity from damages for civil rights violations when they perform tasks that are an integral
9  part of the judicial process); see, e.g., Rodriguez v. Weprin, 116 F.3d 62, 66-67 (2d Cir. 1997)
10 (court clerks entitled to quasi-judicial immunity for harms related to scheduling an appeal, even
11 if that discrete task is viewed as administrative, because "court's inherent power to control its
12 docket is part of its [judicial] function"). In order to establish that Calvo is not immune from
13 damages for her alleged negligence and failure to advise plaintiff regarding the filing of a
14 certificate of appealability, plaintiff must allege that Calvo's actions were outside of her judicial
15 function. Plaintiff has failed to do so in his Complaint.

16       Furthermore, the allegations here at most amount to negligence, which may not be a
17 cognizable claim under Section 1983. Cf. Daniels v. Williams, 474 U.S. 327, 330-36 (1986)
18 (negligent conduct by a state official, even though causing injury, does not constitute a
19 deprivation under the Due Process Clause of the Fourteenth Amendment). Thus, plaintiff's
20 claims against Calvo must be dismissed.

21       **B.    The LAPD**

22       A local government entity such as the LAPD "may not be sued under § 1983 for an injury
23 inflicted solely by its employees or agents. Instead, it is when execution of a government's
24 policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly
25 be said to represent official policy, inflicts the injury that the government as an entity is
26 responsible under § 1983." Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694
27 (1978). Thus, the LAPD may not be held liable for the acts of their employees unless "the
28 action that is alleged to be unconstitutional implements or executes a policy statement,

ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels."  Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, plaintiff has failed to identify any LAPD policy, ordinance, regulation, custom, or officially adopted or promulgated decision, the execution of which allegedly caused plaintiff harm.  Plaintiff seeks to hold the LAPD liable for infringing on his civil rights based on plaintiff's arrest and imprisonment on the day of his eviction and based on the LAPD's failure to help plaintiff regain access to his personal property. (Complaint at 15-18).  Under Monell, that is not enough.  436 U.S. at 694.  The allegations of the Complaint are insufficient to state a claim upon which relief can be granted against the LAPD.

## II.     PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY

Plaintiff's thirteenth claim is based upon a conspiracy claim against the Kang family, the LAPD, Rosenthal, Rosenthal's Law Office, Montoya, and the Los Angeles Superior Court.[4] Section 1985 proscribes conspiracies to interfere with certain civil rights.  At a minimum, a claim under Section 1985 must allege a factual basis for the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient.  See Karim-Panahi, 839 F.2d at 626.  The complaint must contain more than conclusory allegations. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

Plaintiff has not alleged facts showing that defendants LAPD, Rosenthal, the Law Offices of Lisa Rosenthal, Montoya, Calvo, and the Kang Family conspired together to violate plaintiff's rights and have him evicted.  Because plaintiff has failed to make specific factual allegations to support a conspiracy claim, the allegations of the Complaint are insufficient to state a claim upon which relief can be granted.

---

[4] Because plaintiff specifically states earlier on that he is not suing the Los Angeles Superior Court, plaintiff construes his conspiracy claim against "LASC" as a claim against defendant Calvo, who is the only defendant who is an employee at the superior court.

In addition, plaintiff does not specify the subsection under which his Section 1985 claim arises. To the extent plaintiff is attempting to state a claim under the second clause of Section 1985(2) or under the first clause of Section 1985(3), his claims fail for lack of discriminatory animus. Both the first clause of Section 1985(3) and the second clause of Section 1985(2) require that the conspirators' actions be motivated by a racial or "perhaps otherwise class-based" invidiously discriminatory animus. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Plaintiff has not alleged that defendants acted pursuant to a discriminatory animus.

### III.   PLAINTIFF FAILS TO STATE A FEDERAL CLAIM FOR RELIEF

Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. Baker v. McCollan, 443 U.S. 137, 146 (1979) (false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official). Because plaintiff is pro se, the Court is required to construe the allegations of the complaint liberally and, accordingly, evaluate plaintiff's claims to see if plaintiff has stated a claim for federal relief.

Plaintiff alleges that the sole basis for federal jurisdiction is his civil rights claim.[5] (Complaint at 20-21). As discussed above, plaintiff has failed to establish a civil rights claim upon which relief can be granted. The Court will, however, afford Petitioner another opportunity to cure the deficiencies of his Complaint. See Noll, 809 F.2d at 1448. The Petition, therefore, is DISMISSED WITH LEAVE TO AMEND.

If Petitioner desires to pursue this action, Petitioner is ORDERED to file a First Amended Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed above. If Petitioner chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and

---

[5] Plaintiff also alleges that the case belongs in federal court because the case is "too complex for a state court to handle" and that a conflict of interest would exist if plaintiff filed the case in the Los Angeles County Superior Court because of his pending appeal. (Complaint at 20-21). These allegations, however, are insufficient to establish jurisdiction. See 28 U.S.C. §§ 1330-1369.

of itself without reference to the original Petition or any other pleading, attachment or document. The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which Petitioner will need to completely fill out and submit.

      Petitioner is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.[6]

DATED: February 6, 2008            /s/ Jennifer T. Lum

                                     JENNIFER T. LUM
                                     UNITED STATES MAGISTRATE JUDGE

---

[6] Absent federal jurisdiction over the civil rights and conspiracy claims, the Court may decline to exercise supplemental jurisdiction over the remaining state claims and dismiss this case. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if no viable federal claims exist, federal court may decline to exercise supplemental jurisdiction over pendent state claims); Voigt v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995); 28 U.S.C. § 1367(c)(3).